**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BRIAN A. CANTLON,**<br><br>**Defendant.** | **Case No. 3:26-CR-30086-NJR-1** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion to Revoke Detention Order filed by Defendant Brian A. Cantlon. (Doc. 21). Cantlon asks the undersigned District Judge to review Magistrate Judge Mark A. Beatty's Detention Order *de novo* and release him on bond. (Doc. 21). The Government filed a response in opposition (Doc. 26), and Cantlon filed a reply brief (Doc. 28). For the reasons set forth below, the motion is denied.

## BACKGROUND

On June 16, 2026, Cantlon was indicted by grand jury on one count of sexual exploitation of children in violation of 18 U.S.C. § 2251. (Doc. 1). The Government moved for Cantlon to be detained (Doc. 6), but U.S. Probation / Pretrial Services recommended that Cantlon be released with myriad restrictions including a curfew from 7 p.m. to 7 a.m., location and GPS monitoring, no contact with minors, and a requirement that he inform U.S. Probation / Pretrial Services of any computers or similar electronic devices to which he has access. (Doc. 7).

At Cantlon's detention hearing, the Government argued that a curfew and location monitoring were insufficient to ensure the safety of the community, considering Cantlon had been on supervised release when the events leading to the charges in this case occurred. Specifically, Cantlon's girlfriend's house—which he owned and was only two lots away from his own home—was searched by police in 2023. (Doc. 20 at p. 5). The search uncovered a computer in the basement that had 37 graphic child sex abuse images and 56 screenshots from a camera hidden in the bathroom of the home. (*Id.* at pp. 5-6). The images from the hidden camera included nude photographs of Cantlon's girlfriend's 10- and 12-year-old daughters. (*Id.* at p. 6). The computer also contained Cantlon's resume and a photo of his driver's license, and had logged into Cantlon's email accounts, eBay account, and Amazon account. (*Id.*). Because this computer was located at his girlfriend's house, not his registered address, Probation was unaware he had access to it. (*Id.*).

The Government also noted two additional violations Cantlon recently committed. In January 2026, Cantlon had a cell phone that was unmonitored for 11 days before he admitted he had a new number and gave Probation access to it. He also had contact with his minor godchildren. (*Id.* at p. 8). Because all of this conduct occurred while Cantlon was being monitored, the Government argued, the danger Cantlon posed was not his location, but rather his access to unmonitored digital devices. (*Id.* at p. 9).

When the Government was asked why there was a delay between the 2023 offense conduct and the charges at hand (which Judge Beatty acknowledged may not have any bearing on the issue of detention), the Government explained that Cantlon had only recently admitted that he placed the hidden camera in the bathroom to his court-ordered

therapist and to his probation officer. (*Id.* at pp. 11-12). At that point, even though both Cantlon and his girlfriend had shared access to the computer, the Government could connect the images on the computer solely to Cantlon. (*Id.* at p. 12).

After the detention hearing, Magistrate Judge Mark A. Beatty ordered Cantlon detained pending trial. (Docs. 18, 20). Judge Beatty found that Cantlon rebutted the presumption of detention that arose under 18 U.S.C. § 3142(e)(3) because he had a home plan and employment he could return to if released. (Doc. 18). Nevertheless, Judge Beatty determined that clear and convincing evidence existed that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (*Id.*).

Judge Beatty considered that the charged offense involves a minor victim, and the circumstances surrounding the offense are very serious. (*Id.*). In assessing the weight of the evidence against Canton, Judge Beatty noted that Cantlon intended to challenge the admissibility of the incriminating statements he made to his therapist and probation officer. (*Id.*). Even setting those statements aside, however, the weight of the evidence against Cantlon was strong. (*Id.*). The search of a computer connected to Cantlon contained nude images of his girlfriend's 10- and 12-year-old daughters taken through a hidden camera in the bathroom and, in one of the images, Cantlon can be seen adjusting the camera. (*Id.*). Although he shared the computer with his girlfriend, it contained his resume, picture of his driver's license, and had accessed Cantlon's Amazon accounts.

With regard to his personal characteristics, Judge Beatty noted that Cantlon's criminal history and time on supervised release also raised significant concerns. (*Id.*).

Cantlon was previously convicted of Possession of Child Pornography on March 17, 2010, and sentenced to 36 months in the Bureau of Prisons followed by a 45-year term of supervised release. (*Id.*). His supervised release had been revoked twice, and he was subject to a non-compliance hearing once. (*Id.*). Of most concern to Judge Beatty was Cantlon's three occasions of possessing an unmonitored device with access to the internet, one instance of unsupervised contact with a minor, one instance of an unapproved contact with a minor, one instance of disciplining a minor, and failing to attend sex offender treatment sessions. (*Id.*).

In assessing Cantlon's danger to any person or the community, Judge Beatty considered the facts that Canton previously engaged in unsupervised or unapproved conduct with minors while on federal supervised release; he had a history of procuring devices capable of accessing the internet; and he declined to tell his probation officer about these devices. (*Id.*). In other words, Cantlon has a history of ignoring the conditions of his supervised release. Judge Beatty therefore concluded that Cantlon presented a "very real danger to the community" and that no set of conditions could reasonably assure the community's safety. (*Id.*).

## LEGAL STANDARD

Under 18 U.S.C. § 3145(b), if a person is ordered detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The Court reviews the magistrate judge's detention order *de novo*. "This review may be conducted by reviewing the prior record already considered by the magistrate judge and making a fresh finding on a complete

record." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

Detention of a defendant is appropriate where there is no condition or combination of conditions that will reasonably assure the defendant's appearance in court and the safety of the community. 18 U.S.C. § 3142(e)(1). In making a detention determination, the Court looks at the following:

(1) the nature and circumstances of the offense charged, including whether the offense involved a minor victim;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, state, or local law; and

(4) and the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.

*Id.* § 3142(g).

## DISCUSSION

Cantlon argues that Judge Beatty failed to engage in a forward-looking analysis and to determine whether appropriate conditions exist to mitigate any danger that Cantlon poses to the community. Cantlon cites to *United States v. Dominguez* for the proposition that a court cannot base its determination that no release conditions will reasonably assure the safety of the community "on evidence that [defendant] has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct." 783 F.2d 702, 707 (7th Cir. 1986).

That Cantlon's past conduct suggests the likelihood of future misconduct is exactly what Judge Beatty considered and why the undersigned agrees that detention is appropriate. Cantlon suggests that Probation's proposed conditions, including mental health treatment, location and GPS monitoring, no contact with minors, and participation in Probation's Internet Monitoring Program will suffice to ensure the safety of the community. His history and character demonstrate otherwise. Cantlon allegedly committed the charged offense in this case, sexual exploitation of children, while he was on supervised release and on a computer that he did not tell Probation about. He had access to his girlfriend's minor children and saw his godchildren while on supervised release and without telling Probation. He obtained a cell phone with internet access while on supervised release and did not tell Probation about it for 11 days. Clearly, Cantlon's conditions of release did not stop him from engaging in this behavior before, which suggests that he is likely to do it again.

Regarding the nature and circumstances of the offense, the undersigned notes that

the charged offense involves minor children who presumably trusted Cantlon, given that Canton and their mother also have a child together. Cantlon violated that trust by allegedly photographing the young girls from a hidden camera in their own bathroom.

Cantlon also argues that Judge Beatty did not explain why detention is appropriate now, even though he was only admonished in March 2026 for his possession of the cell phone and contact with his godchildren. The explanation is simple: he has now been charged with a much more serious offense.

The weight of the evidence also favors detention. The computer on which the images were found contained Cantlon's resume, a picture of his driver's license, and had accessed a number of Cantlon's online accounts. While Cantlon shared this computer with his girlfriend, and conceivably she could have accessed his accounts for him, the nude images of his girlfriend's children taken from a hidden camera also included one of Cantlon adjusting the camera.

Cantlon makes much of his argument that his inculpatory statements may not be admissible evidence. As he acknowledges, any discussion of the suppression of these statements is premature. Even without considering the statements or any testimony at the detention hearing regarding the statements, the Court finds that the weight of the evidence—his access to the computer and a photo of him adjusting the hidden camera—strongly favors detention.

Finally, the nature and seriousness of the danger to any person or to the community that would be posed by Cantlon's release is obvious. GPS and location monitoring only goes so far when Cantlon is willing to exploit minors on his own

property. And GPS and location monitoring would not prevent Cantlon from downloading other child pornography images, such as the 37 graphic child sex abuse materials found on his computer. Nor would participation in Probation's Internet Monitoring Program sufficiently ensure the safety of the community, as Cantlon has demonstrated, on multiple occasions, his desire and ability to obtain unmonitored devices with access to the internet.

Having reviewed the entire record, the Court finds that the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community if Cantlon were to be released.

## CONCLUSION

For these reasons, the Motion to Revoke Detention Order filed by Defendant Brian A. Cantlon (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 1, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**